IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMIAH MEDINA,

       Petitioner,

v.                                                No. CV 11-864 JP/LAM

FNU LNU, et al.,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner Jeremiah Medina's 28 U.S.C. § 2254 habeas corpus petition [*Doc. 1*], filed September 27, 2011, memorandum of supporting facts [*Doc. 7*], filed October 17, 2011, and amended § 2254 petition [*Doc. 18*], filed January 18, 2012. Also before the Court are Petitioner's: (1) motion regarding evidence of the state's alleged refusal to assist him [*Doc. 6*], filed October 13, 2011; (2) motion to amend his petition [*Doc. 8*], filed October 20, 2011; and "Objections" regarding Respondents' answer [*Docs. 16*[2] and *17*], filed December 28, 2011. Petitioner is incarcerated and proceeding *pro se*. Respondents filed their answer to the § 2254 petition on December 6, 2011 [*Doc. 14*], but did not file responses to any of the other motions. United States District Judge James A. Parker referred the claims raised in the

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

[2] Document 16 appears to also be a Motion to Dismiss, which violates D.N.M. Administrative Order 92-88 (May 4, 1992) (prohibiting the filing of "compound pleadings," and stating that all practitioners shall "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought").

petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 5*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Petitioner's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*** *(Doc. 1)* be **DISMISSED without prejudice**, and all other motions in this case be **DENIED as moot**.

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary. *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

Petitioner claims that his constitutional rights were violated because the judge in his state criminal case was biased and Petitioner's counsel in his state criminal case was ineffective. [*Doc. 1* at 5 and 7]. Petitioner asks that the Court dismiss the charges against him and award him attorney fees. *Id.* at 15.

### *I. Procedural Background*

On June 1, 2009, Petitioner entered into a plea agreement in state district court Case No. CR-200700163, in which he pled guilty to the following crimes: (1) Aggravated Assault Against a Household Member (Deadly Weapon) (firearm), a fourth-degree felony, in violation of N.M.S.A. 1978 §§ 30-3-13(A)(1) and 31-18-16; (2) Aggravated Assault with a Deadly Weapon (firearm), a fourth-degree felony, in violation of N.M.S.A. 1978 §§ 30-3-2(A) and 31-18-16; and (3) Aggravated Battery, a third-degree felony, in violation of N.M.S.A. 1978 § 30-3-5(C). [*Doc. 14-1*, Exhibit B at 6-7] (Plea and Disposition Agreement). On June 26, 2009, Petitioner was sentenced, pursuant to the June 1, 2009 plea agreement, to a total incarceration term of seven years to be followed by two years on parole after his release. [*Doc. 14-1*, Exhibit A at 3-4] (Judgment and

Partially Suspended Sentence). The state judge suspended all but twelve months of Petitioner's sentence, and ordered that the twelve months be served on electronic monitoring. *Id.* at 4. Following completion of the twelve months on electronic monitoring, Petitioner was ordered to serve five years on supervised probation. *Id.* Petitioner received credit for pre-sentence confinement and two hundred and three days of credit for time spent on electronic monitoring. *Id.*

On July 30, 2009, Petitioner entered into a plea agreement in state district court Case No. CR-200900111, in which he pled guilty to the following crimes: (1) Battery Against a Household Member, a misdemeanor, in violation of N.M.S.A. 1978 § 30-3-15; (2) Possession of a Controlled Substance (Heroin), a fourth-degree felony, in violation of N.M.S.A. 1978 § 30-31-23; (3) Child Abuse - Negligently Cause (No Death or Great Bodily Harm), a third-degree felony, in violation of N.M.S.A. 1978 § 30-6-1(D); (4) Concealing Identity, a petty misdemeanor, in violation of N.M.S.A. 1978 § 30-22-3; (5) Reckless Driving, a specific penalty misdemeanor, in violation of N.M.S.A. 1978 § 66-8-113; (6) Resisting, Evading or Obstructing an Officer (Arrest), a misdemeanor, in violation of N.M.S.A. 1978 § 30-22-1(B); (7) Driving While Under the Influence of Intoxicating Liquor and/or Drugs (Impaired), a Motor Vehicle Code misdemeanor, in violation of N.M.S.A. 1978 § 66-8-102(A); (8) Driving While License Suspended or Revoked, a misdemeanor, in violation of N.M.S.A. 1978 § 66-5-39; (9) Possession of Drug Paraphernalia, a misdemeanor, in violation of N.M.S.A. 1978 § 30-31-25.1(A); (10) Possession of a Controlled Substance (Felony - Narcotic Drug), a fourth-degree felony, in violation of N.M.S.A. 1978 § 30-31-23; and (11) Bringing Contraband into Jail, a fourth-degree felony, in violation of N.M.S.A. 1978 § 30-22-14(B). [*Doc. 14-1*, Exhibit D at 22-25] (Plea and Disposition Agreement). On August 28, 2009, Petitioner was sentenced, pursuant to the July 30, 2009 plea agreement, to a total incarceration term of six years. [*Doc. 14-1*, Exhibit C at 20-21] (Judgment and Partially

Suspended Sentence). This sentence was suspended and imposed to run concurrently to Petitioner's sentence in CR-200700163, and Petitioner was placed on five years probation, with two years of parole after release from prison. *Id.*

On September 11, 2009, a Report of Violation was filed in CR-200900111 stating that Petitioner violated the conditions of his probation by failing to report to his probation/parole officer and failing to participate in alcohol/substance abuse counseling [*Doc. 14-1*, Exhibit E at 31]. On May 3, 2010, an order was entered in CR-200700163 finding that Petitioner violated the terms of his electronic monitoring. [*Doc. 14-1*, Exhibit F]. On June 25, 2010, an Order of Probation was entered in both state cases placing Petitioner under supervised probation for five years starting on June 7, 2010. [*Doc. 14-1*, Exhibit G]. On October 14, 2010, a Report of Violation was entered in both state cases stating that Petitioner violated the conditions of his probation because on September 29, 2010 he was arrested for aggravated assault against a household member and criminal damage to property. [*Doc. 14-1*, Exhibit H at 37]. On October 21, 2010, the State filed a motion to revoke Petitioner's probation. [*Doc. 14-1*, Exhibit I]. Petitioner was again released from custody on November 18, 2010. [*Doc. 14-1*, Exhibit J]. On May 11, 2011, another Report of Violation was entered in both state cases, stating that Petitioner violated the conditions of his probation for violating state laws, failing to report to his probation/parole officer, and for consuming a controlled substance. [*Doc. 14-1*, Exhibit K at 42]. The State filed another Motion to Revoke Probation on May 19, 2011. [*Doc. 14-1*, Exhibit L]. On July 7, 2011, the state district granted the motion to revoke probation, finding that Petitioner violated his probation by failing to report to his probation/parole officer. [*Doc. 14-1*, Exhibit M]. The state district court ordered that Petitioner's probation be revoked and imposed a sentence of six years of incarceration, with two years of parole after his release. *Id.* at 49. On September 28, 2011, Petitioner filed a "Motion for Clarification of

JNS" in his state cases, in which he asked the state court to clarify whether his charges in both cases are to be served concurrently, and whether any pre-sentence or post-sentence credit was earned [*Doc. 14-1*, Exhibit N at 51].

## *II. Petitioner's Section 2254 Claims*

On September 27, 2011, Petitioner filed is Section 2254 petition, initiating this proceeding [*Doc. 1*]. As previously stated, Petitioner claims that his constitutional rights were violated because the judge in his state criminal case was biased and because his counsel was ineffective. [*Doc. 1* at 5 and 7]. In their response, Respondents contend that Petitioner has failed to exhaust available state court remedies, so the petition is not ripe for federal habeas review. [*Doc. 14* at 12]. Respondents state that, because Petitioner's claims have not been exhausted, the Court can either (1) dismiss the petition without prejudice so Petitioner can return to state court to exhaust his claims, (2) stay the petition and allow Petitioner to return to state court to raise his unexhausted claims there, or (3) consider the claims on the merits, notwithstanding Petitioner's failure to exhaust. *Id.* at 13-14.[3] Petitioner, however, states that he attempted to appeal his conviction but his attorney refused. [*Doc. 1* at 2 and 7] and [*Doc. 6* at 1]. In addition, Petitioner attempted to file a state habeas petition on September 29, 2011, but it was rejected by the state district court because the petition was missing his "signature with Notarization." [*Doc. 6* at 2]. Petitioner states that he "cannot get a notary at WNMCF and informed court of this [and] State Court will not take signed affidavits in exchange for notary." *Id.* at 1.

---

[3]Respondents note that a fourth option -- to order Petitioner to amend the petition to delete his unexhausted claims so the Court can then review the exhausted claims -- is not available to Petitioner because he has no exhausted claims in his petition. *Id.* at 14.

"Pro se pleadings are to be construed liberally." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted). Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted). Courts "are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted). Because Petitioner is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### III.  *Exhaustion of State Court Remedies*

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). The exhaustion "doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation and internal quotation marks omitted). The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before

the state court either on direct appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and internal quotation marks omitted). A petitioner may present "bits of evidence" to a federal court that were not presented to the state court; however, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Id.* (citation and internal quotation marks omitted); *see also Ferguson v. McKune*, No 99-3214, 229 F.3d 1163, 2000 WL 1133134 at *2 (10th Cir. Aug. 10, 2000) (unpublished) (citation and internal quotation marks omitted) (explaining that a claim is not exhausted if it is fundamentally altered "in a significantly different and stronger posture" than when it was presented to the state courts) (quoting *Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982)).

When a petitioner has failed to fulfill the exhaustion requirement, a court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies. *Demarest*, 130 F.3d at 939 (citations omitted). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.* "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). In the case of a procedural default, a federal court can only consider such defaulted claims if the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice (*Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (citations and internal quotation marks omitted)), or if the Court determines that the claims can more easily be resolved on the merits (*see* § 2254(b)(2) (providing that a federal habeas court may deny a claim on the merits, notwithstanding the failure to exhaust state remedies); *Romero v. Furlong*,

215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could be more easily and succinctly affirmed on the merits)).

Here, the Court finds that Petitioner has not exhausted his claims because he did not file a direct appeal from any state district court order or judgment, nor has he properly filed any state habeas corpus pleadings. Petitioner presents two arguments for why his claims are not exhausted -- that his attorney refused to file an appeal of his state convictions, and that Petitioner could not obtain a notary for his signature, so his state habeas petition was rejected by the state district court. [*Doc. 1* at 2 and 7] and [*Doc. 6* at 1-2]. To the extent Petitioner is contending that his counsel was ineffective for failing to file a direct appeal of his state convictions, this Court cannot consider that claim until it has been exhausted in the state courts. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986) (explaining that claim of ineffective assistance of counsel should be presented to state courts as an independent claim before it may be asserted as a cause for a procedural default). In addition, the fact that Petitioner's state habeas petition was rejected because Petitioner's signature was not notarized does not excuse Petitioner's obligation to exhaust his claims. Petitioner provides no support for his statement that he cannot get a notary at the prison, nor does he state what attempts he has made to obtain a notary for his signature or how those attempts have been rebuffed. Therefore, Petitioner has not shown that there is no means for him to file a state habeas petition. *See Cole v. State of New Mexico*, No. 02-2195, 58 Fed. Appx. 825, 827 and 829-30, 2003 WL 256898 (10th Cir. Feb. 6, 2003) (unpublished) (explaining that the petitioner's argument that his certiorari petition was filed late because his caseworker was not available to notarize his signature does not establish cause for his default because it does not demonstrate that there were no other means for him to file a timely certiorari petition); *see also, Bullock v. Franklin*, No. CIV-05-215-W, 2006 WL 149025, *3 (W.D. Okla. Jan 18, 2006) (unpublished) (finding no cause for the petitioner's

procedural default based on the petitioner's argument that he could not get his signature notarized in time, because the court found that the petitioner did not seek a notary until one day before his appeal was due).

Because the Court finds that Petitioner's claims are unexhausted, the Court must next determine whether to recommend: (1) dismissal of the petition without prejudice so that Petitioner can exhaust his state remedies; (2) staying the petition and holding it in abeyance pending exhaustion of state court remedies; or (3) denial of the entire petition on the merits. In making a determination whether to recommend dismissing the petition without prejudice to allow Petitioner to exhaust his state court remedies, the Court must consider whether his unexhausted claims are procedurally defaulted so that they cannot be raised in the state courts. *See Dulin*, 957 F.2d at 759. Since there is no statute of limitations in New Mexico that would prevent Petitioner from bringing his claims in a state habeas petition, his claims are not procedurally defaulted and they can still be raised in the state courts. *See Adams v. LeMaster*, 223 F.3d 1177, 1183 (10th Cir. 2000) and *State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 164 P.3d 72 (2007). In addition, Petitioner has made no showing that he meets the requirements for a stay of his petition because he has not presented good cause for his failure to exhaust his claims in state court and he has not made a showing that his claims are potentially meritorious. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (explaining that a petition containing both exhausted and unexhausted claims should be held in abeyance pending exhaustion of all claims only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics"). Under these circumstances and in the interest of comity, the Court recommends that Petitioner's claims should be dismissed without prejudice so that he may first pursue and exhaust his claims in state court. *See Demarest*, 130 F.3d

at 939-41 (explaining that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred, and stating: "In the event that the district court finds that [Petitioner's] . . . claim . . . would not be procedurally barred under Colorado law, it should dismiss the claim without prejudice so that it may now be adjudicated in the Colorado courts."); *see also Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "lest [the federal courts] deprive state courts of an opportunity to correct their own errors, if any"), and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist "in order to permit the [state] courts to have an opportunity to consider this evidence in post-conviction proceedings").

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* be **DISMISSED without prejudice** so that Petitioner may re-file the petition when he has exhausted his claims at the state level, and that all other motions in this case be **DENIED as moot**.

*Lourdes a. Martinez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**